IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NELSON BEGAY,<br><br>       Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:18-CV-490 TS<br>Criminal Case No. 2:11-CR-355 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On April 27, 2011, Petitioner was charged with failure to register as a sex offender. On September 8, 2011, Petitioner pleaded guilty. On November 10, 2011, Petitioner was sentenced to 21 months in the custody of the Bureau of Prisons to be followed by 120 months of supervised release.

On November 14, 2017, the Court signed a Petition alleging that Petitioner had violated the terms of his supervised release. An Amended Petition was signed on April 3, 2018. Petitioner came before the Court on April 4, 2018, to respond to the allegations contained in the Amended Petition. Petitioner admitted to violating the terms of his supervision as alleged in Allegations 2 and 4. The Court imposed a sentence of 10 months in the custody of the Bureau of Prisons to be followed by 60 months of supervised release. Petitioner has now filed this Motion.

II.  DISCUSSION

Petitioner's Motion raises a claim of ineffective assistance of counsel.  Petitioner also requests early termination of his supervised release.  The Court will discuss each argument in turn.

A.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1]  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3]  In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4]  Finally, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

The Violation Sentencing Report prepared in this matter calculated a Guideline Range of imprisonment of 7 to 13 months. This was based on the fact that the most serious grade of violation was a C and Petitioner had a criminal history category of V. Petitioner argues that his criminal history category was a II, which would have resulted in a Guideline Range of 4 to 10 months, and that his counsel was ineffective for failing to challenge his criminal history category.

Application Note 1 to Guideline Section 7B1.4 provides that "[t]he criminal history category to be used in determining the applicable range of imprisonment in the Revocation Table is the category determined at the time the defendant originally was sentenced to the term of supervision." Here, the record reveals that Petitioner's criminal history category at the time he was originally sentenced to the term of supervision was a V. This is reflected in the sentencing transcript and the Statement of Reasons.[6] There is no evidence to support Petitioner's contention that his criminal history category was a II. Thus, there was no basis for counsel to challenge the criminal history category and counsel's performance was not deficient.

B.    EARLY TERMINATION OF SUPERVISED RELEASE

Petitioner also requests termination of his supervised release. A motion under § 2255 is not the proper vehicle for seeking such relief. However, the Court will consider Petitioner's request under 18 U.S.C. § 3583(e). That provision allows the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice.

---

[6] Case No. 2:11-CR-355 TS, Docket Nos. 23, 32.

Having consider the relevant factors under 18 U.S.C. § 3553(a), the Court finds that early termination is not appropriate here. Petitioner was recently found to have violated the terms of his supervision and was sentenced to a term of imprisonment. This conduct demonstrates that early termination is not warranted by Petitioner's conduct and is not in the interest of justice. Should Petitioner demonstrate that early termination is warranted at some future date, the Court is willing to reconsider its decision here.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:18-CV-490 TS) is DENIED.  It is further

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 2 in Case No. 2:18-CV-490 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 27th day of June, 2018.

BY THE COURT:

Ted Stewart
United States District Judge